IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LILLIAN IRENE BRUMBELOW,
    Plaintiff,

vs.                                  Case No. 5:08cv168/RS/EMT

MICHAEL J. ASTRUE,
    Defendant.
_____/

## ORDER, REPORT AND RECOMMENDATION

    This cause was initiated by the filing of Plaintiff's complaint on May 20, 2008, in which Plaintiff seeks review of Defendant's final administrative decision denying her claim for disability benefits (Doc. 1). Now before the court is Plaintiff's Motion to Dismiss Complaint, in which Plaintiff certifies that Defendant has no objection (Doc. 15).[1]

    Federal Rule of Civil Procedure 41(a)(1) provides that an action may be dismissed without an order of the court (i) by filing a notice of dismissal at any time before the adverse party serves an answer or a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

    In the instant case, Defendant has filed an answer (Doc. 9), and Plaintiff's motion to dismiss is not accompanied by a signed stipulation of dismissal; therefore, dismissal pursuant to Rule

---

[1] The undersigned previously issued a Report and Recommendation (R and R), recommending that this action be dismissed for Plaintiff's failure to comply with an order of the court (Doc. 14). Although Plaintiff has filed no objections to the R and R to date, the instant motion to dismiss was filed ten (10) days after the R and R was issued. Thus, it would appear that Plaintiff seeks dismissal of this action based upon the instant motion to dismiss, as opposed to a dismissal based upon failure to comply with an order of this court. Accordingly, the undersigned will vacate the earlier R and R.

41(a)(1) does not appear appropriate.  However, the court finds dismissal pursuant Rule 42(a)(2) to be appropriate, as Plaintiff has indicated that she "does not think that she can prevail on the issues after review of the transcript," and Defendant has no objection to a court-ordered dismissal (Doc. 15 at 1).

Accordingly, it is **ORDERED**:

That the Report and Recommendation issued on November 7, 2008 (Doc. 14) is hereby **VACATED**.

And it is respectfully  **RECOMMENDED**:

1. That Plaintiff's Motion to Dismiss (Doc. 15) be **GRANTED** and this action be **DISMISSED without prejudice**.

2. That the clerk of court be directed to close the file.

At Pensacola, Florida this 18th day of November 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636**; United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  5:08cv168/RS/EMT